UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of
MOCO MANAGEMENT, INC.

For an Order to Conduct Discovery for

Use in Foreign Proceedings

Case No. 19 Misc. 00071 (KPF)

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
***EX PARTE* APPLICATION OF MOCO MANAGEMENT, INC.**
**FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. § 1782**

KELLNER HERLIHY GETTY & FRIEDMAN, LLP.
470 Park Avenue South, 7th Floor North
New York, New York 10016
Telephone: (212) 889-2821
Email: tv@khgflaw.com
*Attorneys for Moco Management, Inc.*

**TABLE OF CONTENTS**

                                                                                      Page

TABLE OF AUTHORITIES ......................................................................... ii-iv

PRELIMINARY STATEMENT  .............................................................. 1

ARGUMENT .......................................................................................... 4

    A. Decisions postdating *Daimler*, *Gucci* and even the recent *Del
        Valle Ruiz* have confirmed that New York courts have the
        authority to grant 1782 applications to issue subpoenas on foreign
        corporations, including banks, on the basis of their branches or
        offices in this District....................................................................... 4

        1. *Daimler* and *Gucci* did not address general personal
            jurisdiction in connection with 1782 applications and are
            thus not controlling ........................................................... 5

        2. Post *Daimler* and *Gucci* cases have concluded that in
            connection with 1782 applications this Court has general
            personal jurisdiction over foreign banks with offices in
            this forum ........................................................................ 6

    B. Compelling BOM an the other respondents to produce bank
        documents comports with due process ........................................... 7

    C. The legislative intent and strong policy reasons warrant a liberal
        construction of the terms "reside" and "found":............................. 10

        1. The meaning of " a person resides or is found" should not
            be ignored in considering general  personal jurisdiction,
            and should be liberally interpreted to fulfill the intended
            purpose of the statute........................................................ 10

        2. The *Del Valle Ruiz'* restricted interpretation would result
            in burdening courts and petitioners with multiple and
            duplicate applications ....................................................... 12

    D. In the alternative, this Court has specific jurisdiction over BOM
        and the other respondents: ............................................................. 13

i

## TABLE OF AUTHORITIES

Page

*Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 198
(2d Cir. 1990) ............................................................................. 4

*Bank of Montreal v. Mitsui Mfrs. Bank*, 1990 U.S. Dist. LEXIS 11907,
*20, No. 85 Civ. 1519 (S.D.N.Y. Sept. 11, 1990) ......................... 5

*Brandi-Dohrn v. IKB Deutsche Industriebank AG,* 673 F.3d 76, 80
(2d Cir. 2012) ............................................................................. 10

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal* 137 S. Ct. 1773, 1776 (2017) ............. 9

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) ....................................... 13

*Cayman Natl. Bank, Ltd. v United States,* 2007 US Dist LEXIS 13005, 99
A.F.T.R.2d (RIA) 1285 at *8-9 (MD Fla Feb. 26, 2007, No. 8:06-mc-50-T-
24 MAP) ........................................................................................ 11

*Daimler AG* v. *Bauman*, 571 U.S. 117 (2014) ................................................ 1,4-7,10,12,13

*First Am. Corp. v. Price Waterhouse LLP*, 154 F.3d 16, 20 (2d Cir. 1998) ................ 9,12

*Grupo Mexico SAB de CV v. SAS Asset Recovery, Ltd.,* 821 F.3d 573, 575
 (5th Cir. 2016) ........................................................................... 7

*Gushlak v. Gushlak,* 486 F. App'x 215 (2d Cir. 2012) ................................................. 12

*Gucci Am., Inc.* v. *Weixing Li*, 768 F.3d 122 (2d Cir. 2014) ....................................... 1,4,6,8,13

*Gucci Am., Inc. v. Weixing Li*, 135 F. Supp. 3d 87, 104
(S.D.N.Y. 2015), *appeal withdrawn* (Feb. 16, 2016) ................... 14

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) ............................................ 9

*In re Bloomfield Inv. Resources Corp.*, 2018 US Dist LEXIS 206338, at
*10 (E.D.N.Y. Dec. 6, 2018) ...................................................... 6

*In re BNP Paribas Jersey Tr. Corp.*, 2018 U.S. Dist. LEXIS 24379
(S.D.N.Y. 2018) .......................................................................... 12

*In re Del Valle Ruiz*, 342 F. Supp. 3d 448 (S.D.N.Y. 2018) ....................................... 1,4,6-8,10

*In re Edelman*, 295 F.3d 171, 179 (2d Cir. 2002) ..................................................... 9,11,12

*In re Ex Parte Application of Kleimar N.V.,* 220 F. Supp. 3d 517, 521
(S.D.N.Y. 2016) .......................................................................... 6,8,9

*In re Ex Parte Application of Qualcomm Inc.,* 162 F. Supp. 3d 1029, 1036 (N.D. Cal. 2016)..................................................................................... 7

*In re Ex Parte Application of TPK Touch Sols. (Xiamen) Inc.,* 2016 U.S. Dist. LEXIS 159681 (N.D. Cal. Nov. 17, 2016)............................................. 7

*In re Gianoli Aldunate*, 3 F.3d 54, 57 (2d Cir. 1993) .................................... 11

*In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992)............................. 11

In re *O'Keeffe,* 650 F. App'x 83, 85 (2d Cir. 2016)........................................... 12

*In re Republic of Kazakhstan,* 110 F. Supp. 3d 512, 515 (S.D.N.Y. 2015).................. 7

*In re Sargeant*, 278 F. Supp. 3d 814, 820 (S.D.N.Y. 2017.) ........................................ 8

*In re the Children's Inv. Fund Found. (UK)*, 2019 US Dist LEXIS 14862, at *11-12 (S.D.N.Y. Jan. 30, 2019) ................................................................. 6

*Intel Corp. v Advanced Micro Devices, Inc.*, 542 US 241 (2004) .............................. 4,6

*Lewis Family Grp Fund LP v JS Barkats PLLC*, 2018 US Dist LEXIS 8433, at *1 (S.D.N.Y Jan. 18, 2018, No. 16-CV-5255 (AJN)) ................................... 3

*Mensh v United States*, 2009 US Dist LEXIS 64276, 104 A.F.T.R.2d (RIA) 5658 at *2  (E.D.N.Y July 27, 2009, No. 08-CV-4162 (DLI)(ALC)), at *7 (construing 26 U.S.C. §7609(h)(1) ..................................................... 11

*Milliken v. Meyer*, 311 U.S. 457, 463 (1940) ................................................. 9

*Rubin v. Islamic Republic of Iran,* 138 S. Ct. 816, 824 (2018)................................... 10

*SEC v Comm. on Ways & Means of the United States House of Representatives*, 161 F. Supp. 3d 199, 209 (S.D.N.Y. 2015) ........................................ 8

*Super Vitaminas, S.A.,* 2017 U.S. Dist. LEXIS 191845 (N.D. Cal. Nov. 20, 2017)........................................................................................... 7

*United States ex rel. Grubea v Rosicki, Rosicki & Assoc., P.C.,* 318 F. Supp. 3d 680, 688 (S.D.N.Y 2018) ............................................... 3

*Veh. Dev. Corp. PTY v Livernois Veh. Dev., LLC,* 995 F. Supp. 2d 758, 761 (E.D. Mich. 2014) ...................................................................... 2

*Vera v Republic of Cuba*, 91 F Supp 3d 561, 566 (S.D.N.Y. 2015)............................. 13,14

*World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292 (1980)...................... 9

## STATUTES, RULES, & OTHER AUTHORITIES

26 U.S.C. §§7402(b) ................................................................................ 12

28 U.S.C. §1332(c)(1)............................................................................. 10

28 U.S.C §1782 ...................................................................................... 1,4,6,7,10,11

28 U.S.C §1782(a) .................................................................................. 1,2,10,12

Federal Rule of Civil Procedure 45(c)(3) ................................................ 13

New York Banking Law § 200(3) ............................................................ 14

Hans Smit, *American Assistance to Litigation in Foreign and International Tribunals: Section 1782 of Title 28 of the U.S.C. Revisited, 25 Syracuse J. Int'l L. & Com. 1, 9* (1998) ........................................................................ 11

Rhonda Wasserman, *The Subpoena Power: Pennoyer's Last Vestige*, 74 Minn. L. Rev. 37, 42 (1989) .................................................................... 9

## PRELIMINARY STATEMENT:

Moco Management Inc. respectfully submits this memorandum of law in further support of its Application for judicial assistance, pursuant to 28 U.S.C. § 1782, in obtaining documentary evidence for use in foreign proceedings.  By its order dated February 26, 2019, this Court has directed petitioner to submit supplemental briefing on the issue of whether Respondents – particularly the Bank of Montreal (hereinafter "BOM") – are "found" within this district, for the purposes of 28 U.S.C §1782 (DK#7).

The three cases cited in the order, to wit, *Daimler AG* v. *Bauman*, 571 U.S. 117 (2014); *Gucci Am., Inc.* v. *Weixing Li*, 768 F.3d 122 (2d Cir. 2014); and *In re Del Valle Ruiz*, 342 F. Supp. 3d 448 (S.D.N.Y. 2018), do not affect the validity or scope of the petition, which should be granted in its entirety.

The applicable statute reads, in pertinent part: "The district court of the district in which a person *resides or is found* may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal…"(28 U.S.C §1782 (a)). (emphasis added.)

In view of their open, substantial and physical presence in this district, each of the discovery targets, including BOM, reside or are found in this district:

 BOM is a foreign, federally chartered bank organized and existing pursuant to the laws of Canada. BOM is registered with and supervised by the New York Department of Financial Services[1], and has offices in the City, State, and County of New York, including at 3 Times Square, 27th floor and at 430 Park Avenue. BOM opened its first permanent branch in New York in 1859.[2] In 1994, Bank of Montreal became the first Canadian bank listed on the New York

---

[1] https://myportal.dfs.ny.gov/web/guest-applications/who-we-supervise (last visited on 3/21/2019)
[2] On its Website, BOM explains that: "The young Montreal Bank established its first agency in the United States in 1818. In 1859…. the bank established a permanent office in Manhattan's bustling financial district. This was 41 years after the bank had established an agency there, and marked the first permanent office of any Canadian bank in

Stock Exchange under the stock symbol: BOM[3].  As such, BOM is not only "found" in this district under 28 U.S.C §1782 (a), but it has also satisfied the minimum contact requirements for general jurisdiction.

U.S. Bank is the fifth-largest bank in the country.[4] Albeit headquartered in Minnesota, as explained in the Application, U.S. Bank is a financial services institution that regularly transacts business in this District, and that has a location at 461 Fifth Avenue, 25th Floor New York, NY 10017 (See DK#4 at p. 7)[5]

Comerica Bank is a banking association headquartered in Dallas, Texas (*Veh. Dev. Corp. PTY v Livernois Veh. Dev., LLC,* 995 F. Supp. 2d 758, 761 (E.D. Mich. 2014)) As explained in the Application, Comerica Bank is a financial services institution that regularly transacts business in this District, with its Registered Agent Corporate Creations Network Inc. At 15 North Mill Street Nyack, New York 10960 (See DK#4 at p. 7). It also has an office at 230 Park Avenue, in New York, New York.[6]

As explained in the Application, JPMorgan Chase Bank, N.A., is a financial services institution that regularly transacts business in this District, maintains several branches here, and is believed to be headquartered at 270 Park Avenue, New York, NY 10017 (See DK#4 at p. 7). JPMorgan Chase Bank, N.A. is a wholly-owned subsidiary of JPMorgan Chase & Co.[7] J.P. Morgan Chase, N.A., is a Federally chartered banking association headquartered in New York, (*Lewis Family Grp Fund LP v JS Barkats PLLC*, 2018 US Dist LEXIS 8433, at *1 (S.D.N.Y Jan.

---

the U.S. The one-room office was located at 23 William Street. It was so cramped, the bank soon moved a few blocks to 32 Pine Street, a stone's throw from Wall and Nassau, the crossroads of American finance." https://history.bmo.com/category/growth-of-bmo/ (last visited on 3/21/2019). "One hundred years after establishing a permanent agency in New York, the bank moved into No. 2 Wall St. The building acquisition was accompanied by a campaign to promote the bank's expansion in New York." BOM relocated to 430 Park Avenue in 1981 https://history.bmo.com/new-york-offices/ (last visited on 3/21/2019)

[3] *Id.*

[4] https://www.usbank.com/about-us-bank.html (last visited on 3/21/2019)

[5] See also https://www.usbank.com/usbfs/about-us/locations.aspx (last visited on 3/21/2019)

[6] https://locations.comerica.com/ (last visited on 3/21/2019)

[7] See www.chase.com (last visited on 3/21/2019)

18, 2018, No. 16-CV-5255 (AJN)). J.P. Morgan Chase, N.A. is also supervised by the New York Department of Financial Services.[8]

As explained in the Application, Wells Fargo Bank, N.A. is a financial services institution that regularly transacts business in this District and maintains several branches here, including a branch at 120 Seventh Avenue, New York, NY 10011 (See DK#4 at p. 8). Wells Fargo is also supervised by the New York Department of Financial Services.[9]

Bank of America, N.A. is a national banking association and subsidiary of Bank of America Corporation, with a principal place of business in Charlotte, North Carolina.  (*United States ex rel. Grubea v Rosicki, Rosicki & Assoc., P.C.,* 318 F. Supp. 3d 680, 688 (S.D.N.Y 2018)). As explained in the Application, Bank of America, N.A. is a financial services institution that regularly transacts business in this District and maintains several branches here (See DK#4 at p. 8); Bank of America is also supervised by the New York Department of Financial Services.[10]

The Clearing House Payments Company LLC (CHIPS) is a Delaware corporation listed on the New York State Department of State Website as authorized to do business in New York[11] with an office at 1114 Avenue of the Americas, 17th Floor, New York, NY 10036. (See also DK#4 at p. 8).

*Daimler* and *Gucci* did not address the meaning of the terms "resides or is found", or addressed 1782 applications for that matter. Therefore, the latest Supreme Court decision

---

[8] https://myportal.dfs.ny.gov/web/guest-applications/who-we-supervise (last visited on 3/21/2019)
[9] https://myportal.dfs.ny.gov/web/guest-applications/who-we-supervise (last visited on 3/21/2019)
[10] https://myportal.dfs.ny.gov/web/guest-applications/who-we-supervise (last visited on 3/21/2019)
[11]

https://appext20.dos.ny.gov/corp_public/CORPSEARCH.ENTITY_INFORMATION?p_token=A91D2238AA93F5 84DF5B0D0BC80893D0F50C57799F6BECD211E1232AAE9BCE676F0F58C24F62B8E33E7673209FF30C40&p _nameid=AE1606B43BF53082&p_corpid=041AC9D2FC865DF7&p_captcha=16070&p_captcha_check=A91D22 38AA93F584DF5B0D0BC80893D0F50C57799F6BECD211E1232AAE9BCE67248F2777B437704374E299E024 DD4481&p_entity_name=Clearing%20House%20&p_name_type=A&p_search_type=CONTAINS&p_srch_results _page=0 (last visited on 3/21/2019)

specifically addressing the scope of 28 U.S.C §1782 is controlling (*Intel Corp. v Advanced Micro Devices, Inc.*, 542 US 241 (2004)).

This Court has general personal jurisdiction over BOM and all the respondents because of their unquestionable presence in this forum, and the *Del Valle Ruiz* Court in robotically applying a *Daimler* like test to a 1782 application has ignored the specificity of such proceedings, and the plain meaning of "resides or is found." By essentially immunizing foreign banks from 28 U.S.C §1782 discovery requests, the *Del Valle Ruiz* Court may severely compromise its intended purpose of providing efficient assistance to foreign tribunals and litigants; and of encouraging foreign countries to similarly improve their procedures for providing assistance to American courts. In addition, with regard to companies incorporated in the United States, a *Del Valle Ruiz* precedent would result in a burdensome and costly multiplication of 1782 applications throughout the districts by forcing litigants to file a 1782 application in each district where one of the discovery targets is incorporated.

Finally, notwithstanding the above, by registering with the New York Department of Financial Services, BOM has consented to specific jurisdiction and compelling the bank to produce documents it generates in its regular course of business comports with constitutional due process.

## ARGUMENT:

**A. Decisions postdating *Daimler, Gucci* and even the recent *Del Valle Ruiz* have confirmed that New York courts have the authority to grant 1782 applications to issue subpoenas on foreign corporations, including banks, on the basis of their branches or offices in this District:**

Generally, courts in this Circuit have jurisdiction over foreign corporations doing business in New York. *See Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 198 (2d Cir. 1990) (citations omitted). This rule applies to a bank that maintains and operates a branch here. S*ee Bank of Montreal v. Mitsui Mfrs. Bank*, 1990 U.S. Dist. LEXIS 11907, *20, No. 85

4

Civ. 1519 (S.D.N.Y. Sept. 11, 1990) (foreign bank subject to personal jurisdiction because it "unquestionably does business [in New York] through its New York branch").

1. _Daimler_ and _Gucci_ did not address general personal jurisdiction in connection with 1782 applications and are thus not controlling

With regard to a corporation incorporated in Germany, the U.S. Supreme Court in _Daimler (supra)_ narrowed the scope of general jurisdiction over foreign corporations by holding for the first time that a court cannot exercise general jurisdiction over a corporate entity in every State in which a corporation engages in a substantial, continuous, and systematic course of business. The Court observed that for a corporation that has not consented to jurisdiction in a forum, "only a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there," and that the "paradigm forum for the exercise of general jurisdiction [over a corporation] is one in which the corporation is fairly regarded at home". _Daimler_, 571 U.S. at 137 (2014). In reaching its decision, the Court noted that "Germany, [is] a sovereign with a far greater interest in resolving the dispute." (_Id._ at 146.)

Likewise, in _Gucci (supra),_ applying the holding in Daimler to this Circuit, the Court held that a nonparty bank whose principal places of business and incorporation are located in China and which had not consented to jurisdiction is not subject to general jurisdiction in a United States court simply because it maintains and operates branches or offices in the United States. _Gucci Am_ 768 F.3d at 135.

Unlike in _Daimler_ and _Gucci_, with the exception of BOM, all the respondents have their principal places of business and incorporation in the United States, not in China or Germany. These cases are thus distinguishable in that no sovereign has a greater interest in resolving this 1782 application.

In addition, neither _Daimler_ nor _Gucci_ are 1782 applications, and the Supreme Court has not discussed the scope of 28 U.S.C §1782 since _Intel Corp. v Advanced Micro Devices, Inc.,_

542 US 241 (2004)), where the Supreme Court described the legislative history and various amendments to the statute, which constantly broadened its scope. (*Id.*).

2. Post *Daimler* and *Gucci* cases have concluded that in connection with 1782 applications this Court has general personal jurisdiction over foreign banks with offices in this forum.

Likewise, This Court has general personal jurisdiction over each of the respondents, including BOM, because *specifically in connection with 28 U.S.C. 1782 applications*, Courts in this District and others, including after *Daimler*, *Gucci* and even since the October 30, 2018 decision in *Del Valle Ruiz*, have continued to grant discovery of corporations that have a substantial and related in-district presence, regardless of where they are headquartered or incorporated. Thus, observing that respondent subsidiary resides in this district because it "maintains offices at 152 West 57th Street, New York, NY 10019", in a *January 30, 2019 decision*, Hon. Vernon S. Broderick ruled that "[t]he first statutory requirement of § 1782 the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made], is therefore met." (*In re the Children's Inv. Fund Found. (UK)*, 2019 US Dist LEXIS 14862, at \*11-12 (S.D.N.Y. Jan. 30, 2019)); see also (*In re Bloomfield Inv. Resources Corp.*, 2018 US Dist LEXIS 206338, at \*10 (E.D.N.Y. Dec. 6, 2018)) ("finding that respondent resides in the district because "His most recent and current address is at 2525 E. 16th Street, Apt. 1, Brooklyn, New York.")

Even if this Court were to interpret 28 U.S.C. 1782 to require more than having a branch, BOM is still "found" in the district under any plausible heightened standard. For instance, a number of district courts reviewing 1782 applications have looked to whether an entity has "systematic and continuous" contacts with the district in order to determine whether the entity is found there. *In re Ex Parte Application of Kleimar N.V.,* 220 F. Supp. 3d 517, 521 (S.D.N.Y. 2016) (corporation was "found" in New York because it issued securities that it had listed on the

New York Stock Exchange, had an agent for service of process, was closely tied to a subsidiary that operated in New York, and conducted "systematic and regular business in . . . New York"); *In re Republic of Kazakhstan,* 110 F. Supp. 3d 512, 515 (S.D.N.Y. 2015) (finding that the "daily practice of law in this jurisdiction" by partners gave law firm "the requisite 'systematic and continuous' presence to be 'found' here for purposes of Section 1782"). Here, BOM, a bank supervised by the New York Department of Financial Services, has maintained "systematic and continuous" contacts with New York City, conducting regular and substantial business through its permanent New York branch since 1859, and listing its securities on the New York Stock Exchange. *Supra*.

While following *Daimler* other courts in this district and others have restricted the scope of general jurisdiction in connection with 28 U.S.C §1782 applications, several post *Daimler* decisions from other circuits and districts have correctly continued to exercise jurisdiction over foreign corporations with offices in their district. See *Grupo Mexico SAB de CV v. SAS Asset Recovery, Ltd.,* 821 F.3d 573, 575 (5th Cir. 2016); *In re Ex Parte Application of Qualcomm Inc.,* 162 F. Supp. 3d 1029, 1036 (N.D. Cal. 2016) (concluding that corporate entities were found in the district because they maintained "in-district offices"); see also *Super Vitaminas, S.A.,* 2017 U.S. Dist. LEXIS 191845 (N.D. Cal. Nov. 20, 2017) (concluding that a corporate entity was found in the district because it "operate[d two] corporate sales offices" there); *In re Ex Parte Application of TPK Touch Sols. (Xiamen) Inc.,* 2016 U.S. Dist. LEXIS 159681 (N.D. Cal. Nov. 17, 2016) (concluding that a corporate entity was found in the district because it "maintain[ed] an office in th[e] district").

**B. <u>Compelling BOM an the other respondents to produce bank documents comports with due process</u>**

Finally, In *Del Valle Ruiz,* the Court conceded that" [i]t is unclear whether [Section] 1782's statutory prerequisite that a person or entity reside or be found in a district is coextensive

with whether a court has personal jurisdiction over that person or entity."(*In re Ruiz*, 342 F. Supp. 3d at 452 citing *In re Sargeant*, 278 F. Supp. 3d 814, 820 (S.D.N.Y. 2017.) The Court in *Ruiz* relying on *Gucci (*which did not discuss 1782 applications) reasoned that at the very least compelling an entity to provide discovery under Section 1782 must comport with constitutional due process. *Ruiz* at 452.

"The due process test for personal jurisdiction has two related components: the minimum contacts inquiry and the reasonableness inquiry." (*SEC v Comm. on Ways & Means of the United States House of Representatives*, 161 F. Supp. 3d 199, 209 (S.D.N.Y. 2015)) "The former looks to whether the defendant has certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. The latter asks whether it is reasonable under the circumstances of the particular case to assert personal jurisdiction. (*Id.*)

BOM is registered with and supervised by the New York Department of Financial Services, and has offices in the City, State, and County of New York. BOM opened its first permanent branch in New York in 1859 (*supra*). As such, BOM has unquestionable minimum and sufficient contacts with this forum. Additionally, because this petition simply requests permission to issue a subpoena to obtain bank documents that pertain to BOM's regular business activity in New York as a company that manages assets of others, the inquiry is reasonable even in a post *Daimler* world, and due process is satisfied because BOM "ha[s] sufficient contacts with the forum that relate to the requested discovery or from which the discovery order arises." See *Kleimar* 220 F. Supp. 3d at 521.

Further, due process permits a more expansive approach in the discovery context than for liability. After all, "a person who is subjected to liability by service of process far from home may have better cause to complain of an outrage to fair play than one similarly situated who is

merely called upon to supply documents or testimony." *First Am. Corp. v. Price Waterhouse LLP*, 154 F.3d 16, 20 (2d Cir. 1998).

The Supreme Court has confirmed the central role that burden plays in the due process analysis. The touchstone of constitutional due process is "fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). As such, when assessing personal jurisdiction, "the 'primary concern' is 'the burden on the defendant.'" *Bristol-Myers Squibb Co. v. Super. Ct. of Cal* 137 S. Ct. 1773, 1776 (2017) (quoting *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292 (1980). Because the burden imposed on a non-party respondent in the discovery context is categorically lighter than the burden imposed on a defendant facing civil liability, the test for personal jurisdiction is correspondingly easier to satisfy.

The Second Circuit has repeatedly recognized that a nonparty subject to a Rule 45 subpoena faces substantially lesser burdens than a civil defendant. See *In re Edelman,* 295 F.3d 171, 179 (2d Cir. 2002). Unlike a defendant in a civil action, a 1782 application respondent is not being called on to answer any claims against it, and faces no risk of damages or other sanctions for its past conduct. See Rhonda Wasserman, *The Subpoena Power: Pennoyer's Last Vestige,* 74 Minn. L. Rev. 37, 42 (1989) (observing that as a general matter, "a subpoena burdens an out-of-state witness far less severely than a summons burdens a nonresident defendant"). Accordingly, because BOM is a nonparty facing substantially lesser burdens than a civil defendant, service of a subpoena on BOM comports with due process, and the bank should not be allowed to escape the implications of its extensive contacts with New York.

**C. The legislative intent and strong policy reasons warrant a liberal construction of the terms "reside" and "found":**

1. The meaning of "a person resides or is found" should not be ignored in considering general personal jurisdiction, and should be liberally interpreted to fulfill the intended purpose of the statute

As The question of the meaning of "a person resides or is found" in 28 U.S.C §1782(a) has been and should be broadly interpreted based on common sense understandings of the words. The drafters of the statute would not have felt the need to add "or is found", if residence in this district alone was required. Similarly, common sense suggests that they would have specifically opted for "incorporated" instead of "found" if the drafters had intended for persons from whom discovery may be ordered to be incorporated in the district. As such, it is evident that the relationship between section 1782 and the contours of personal jurisdiction were not meant to be the same and that the recent decision in *In re Del Valle Ruiz,* erroneously applied the *Daimler* and *Gucci* holdings, two cases that *did not involve a 1782 application*, to 1782 applications.

For, limiting 28 U.S.C. 1782 to respondents that are subject to general jurisdiction would effectively read the words "is found" out of the statute. See *Rubin v. Islamic Republic of Iran,* 138 S. Ct. 816, 824 (2018) (statutes should be construed "so that no part will be inoperative or superfluous"). If Congress truly had intended to limit 28 U.S.C §1782 to cases where the respondent was incorporated or had its principal place of business in the district—it could have easily said so. Cf. 28 U.S.C. §1332(c)(1) (corporation is a citizen of every state where "it has been incorporated [or] has its principal place of business"). Congress's decision to use broader language was intentional, reflecting a conscious decision to give 28 U.S.C. 1782 broader reach. See *Brandi-Dohrn v. IKB Deutsche Industriebank AG,* 673 F.3d 76, 80 (2d Cir. 2012) (noting that 28 U.S.C. 1782 "has, over the years, been given 'increasingly broad applicability'").

The drafters of 28 U.S.C §1782 have expressly stated that the terms "reside" and "found," which are not defined in the statute, should be given a "liberal construction" in line with

the statute's broad purpose. *Hans Smit, American Assistance to Litigation in Foreign and International Tribunals: Section 1782 of Title 28 of the U.S.C. Revisited, 25 Syracuse J. Int'l L. & Com. 1, 9 (1998)* ("[Section 1782's] *in personam* reach must . . . be given a liberal construction commensurate with" the purpose "to liberalize the assistance given to foreign and international tribunals").

Courts have often cited the legislative history accompanying the 1964 amendments to 28 U.S.C §1782, which emphasize the twin aims of the statute to (1) provide efficient assistance to foreign tribunals and litigants; and (2) encourage foreign countries to similarly improve their procedures for providing assistance to American courts.  See for example (*Edelman v Taittinger (In re Edelman)*, 295 F3d 171, 181 (2d Cir. 2002)). "In pursuit of these twin goals, the statute has, over the years, been given 'increasingly broad applicability.'" *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992) (quoting *In re Gianoli Aldunate*, 3 F.3d 54, 57 (2d Cir. 1993). "Further, the 1949 amendment explicitly broadened the class of people subject to discovery beyond United States residents. Congress made this change expressly so that people temporarily in a district may be ordered to give testimony pursuant to § 1782(a)." (*Edelman* 295 F3d at 180).

Finally, some district courts construing the word "found" in other statutes have required nothing more than an "actual physical presence" in the forum, such as the operation of a branch office. See *(Cayman Natl. Bank, Ltd. v United States,* 2007 US Dist LEXIS 13005, 99 A.F.T.R.2d (RIA) 1285 at *8-9 (MD Fla Feb. 26, 2007, No. 8:06-mc-50-T-24 MAP)) (construing 26 U.S.C. §§7402(b) and (*Mensh v United States*, 2009 US Dist LEXIS 64276, 104 A.F.T.R.2d (RIA) 5658 at *2  (E.D.N.Y July 27, 2009, No. 08-CV-4162 (DLI)(ALC)), at *7 (construing 26 U.S.C. §7609(h)(1)). To the extent it applies, that requirement is met here. BOM maintains an "actual physical presence" in New York by operating a permanent branch office

11

here since 1859 (*supra*).

    2.   <u>The *Del Valle Ruiz'* restricted interpretation would result in burdening courts and petitioners with multiple and duplicate applications.</u>

Applying the *Daimler* test to 1782 applications would result in a multiplication of duplicative 1782 applications as it would force petitioners, especially in connection with bank discovery, to file 1782 applications in each district where any of the discovery bank targets are incorporated. This would be costly and burdensome to petitioners and to courts around the country, and would run counter to the strong policy in favor of judicial economy. Wisdom and efficiency suggest that motion to quash pertaining to 1782 applications from the same petitioner and pertaining to the same pending foreign proceeding should be centralized and heard by the same court.

In addition, no policy reason warrants the application of a *Daimler*-like test: subjecting a corporation to discovery in aid of foreign proceedings to which it is not a party is materially less invasive and burdensome than allowing it to be sued on a substantive claim in the United States, and the test should accordingly be less exacting. See *First Am. Corp. v. Price Waterhouse LLP*, 154 F.3d at 20.

Finally, unlike in *Valle Del Ruiz*, where a Spanish bank discovery target challenged the 1782 application, BOM has not yet, and may later chose to, or not to, challenge this application: Because of the *ex parte* nature of the application for leave to serve subpoenas, BOM suffers no prejudice at this stage because upon granting of the application, it "will have ample opportunity to object and be heard" via a motion to quash or the defense of an application to compel compliance with the subpoenas. *In re BNP Paribas Jersey Tr. Corp.*, 2018 U.S. Dist. LEXIS 24379 (S.D.N.Y. 2018). See also In *re O'Keeffe*, 650 F. App'x 83, 85 (2d Cir. 2016), citing *Gushlak v. Gushlak*, 486 F. App'x 215 (2d Cir. 2012) ("The respondent's due process rights are

not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45(c)(3).").

> **D.** **In the alternative, this Court has specific jurisdiction over BOM and the other respondents:**

If this Court nonetheless applies the *Daimler* test to 1782 applications, and it should not, and concludes that BOM does not have sufficient contacts with this forum for the Court to exercise general personal jurisdiction, this Court should then find that specific jurisdiction exists because BOM has "purposefully directed its activities toward the forum jurisdiction and the litigation arises out of or relates to those contacts with the forum." (*Vera v Republic of Cuba*, 91 F Supp 3d 561, 566 (S.D.N.Y. 2015) citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).

As the Second Circuit noted in *Gucci*, "the Supreme Court has not . . . addressed specific jurisdiction over nonparties." *Gucci Am., Inc.*, 768 F.3d at 136.  But on remand Judge Sullivan (before his elevation to the 2nd Circuit) concluded that the District Court has specific personal jurisdiction over the foreign bank with respect to subpoenas, and that exercising such jurisdiction comports with due process and principles of comity. *See Gucci Am., Inc. v. Weixing Li*, 135 F. Supp. 3d 87, 104 (S.D.N.Y. 2015), *appeal withdrawn* (Feb. 16, 2016).

In *Vera* where judgment creditors sought information from a foreign bank with offices in New York in order to locate assets to satisfy their judgment, while specifically acknowledging *Daimler* and *Gucci*, this Court ruled that the foreign bank had consented to the necessary regulatory oversight in return for permission to operate in New York, and was therefore subject to jurisdiction requiring it to comply with the subpoenas. *Vera v Republic of Cuba*, 91 F Supp 3d 561, 570 (S.D.N.Y. 2015)). "The Supreme Court's decisions in *Daimler* and *Gucci* should not be read so broadly as to eliminate the necessary regulatory oversight into foreign entities that

13

operate within the boundaries of the United States. There is no reason to give advantage to a foreign bank with a branch in New York, over a domestic bank." *(Id. at* 563).

As in *Vera,* pursuant to New York Banking Law § 200(3), by registering with the New York State Department of Financial Services, BOM appointed "…the superintendent and his or her successors its true and lawful attorney, upon whom all process in any action or proceeding against it on a cause of action arising out of a transaction with its New York agency or agencies or branch or branches . . ." N.Y. Banking Law § 200(3)."

Therefore, by virtue of its registration with the New York State Department of Financial Services, BOM is "bound by the same judicial constraints as domestic corporations. Under New York Banking Law, foreign banks operating local branches in New York can both sue and be sued." (*Vera* 91 F Supp 3d at 570). The *Vera* Court concluded that "This legal status also confers *obligations to participate as third-parties in lawsuits which involve assets under their management*." (*Id.*) (emphasis added). This is precisely what this petition seeks: participation of third party BOM in this action for the limited purpose of obtaining documents regarding assets under its management. As in *Vera*, BOM is a non-party, and the petition makes it clear that "there is no expectation that any of the Discovery Targets will be parties to any Enforcement Proceeding." (DK#4 at 10 citing Oppenheim Declaration DK#5¶30).

This Court should find that a foreign bank responding to a subpoena as a third party carries the same burden and same minimum risk of liability whether the subpoena is a judgment enforcement subpoena as in *Vera*, or a subpoena in aid of a pending foreign proceeding under 28 U.S.C. 1782 as here. Therefore, consistent with *Vera*, this Court should exercise specific jurisdiction over BOM for purpose of issuing a third party subpoena over it.

14

WHEREFORE, Moco Management Inc. respectfully requests this Court to grant the application in its entirety.

Dated: March 22, 2019

Respectfully submitted,

By: _____
         Thomas Vandenabeele
KELLNER HERLIHY GETTY & FRIEDMAN LLP
*Attorneys for Moco Management, Inc.*
470 Park Avenue South–7th Floor
New York, NY 10016-6819
Telephone: 212-889-2121
Email: tv@khgflaw.com